# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re<br><br>MERIDIAN TRANSPORTATION RESOURCES, LLC, a Washington limited liability company,<br><br>Debtor. | NO. 10-23756<br><br>EX PARTE MOTION FOR ORDER AUTHORIZING AND DIRECTING JOINT ADMINISTRATION OF CASES |

Meridian Transportation Resources, LLC, the debtor and debtor-in-possession herein (the "***Debtor***" or "***MTR***") Meridian Transportation Resources (California), LLC ("***MTR CA***"), Meridian Transportation Resources (Canada), LLC ("***MTR Canada***"), MTR Leasing, LLC ("***MTR Leasing***"), and Geogenius, LLC ("***Geogenius***") (MTR, MTR CA, MTR Canada, MTR Leasing, and Geogenius are referred to collectively as the "***MTR Entities***."), through their undersigned counsel, move for an order directing the joint administration of the MTR Entities' bankruptcy cases with that of Frederick D. Berg under Case No. 10-18668-KAO. In support of this Motion, the MTR Entities respectfully state as follows:

### 1) FACTUAL BACKGROUND

On August 19, 2010, the Court entered an order (the "***Appointment Order***") appointing Diana K. Carey ("***Trustee***"), as the Chapter 11 Trustee over the Bankruptcy Estate of Frederick

EX PARTE MOTION FOR ORDER AUTHORIZING AND DIRECTING JOINT ADMINISTRATION OF CASES - 1
#775315 v1 / 40572-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

Berg. Berg is the sole shareholder or member respectively of each of the MTR Entities. On August 25, 2010, the Court entered an order ratifying the transfer of control of the MTR Entities (among other business entities) to Trustee. Since that time, Trustee has been working to administer Berg's Estate for the benefit of creditors. During the course of her administration the Trustee has determined that selling the MTR Entities as a going-concern represents the highest value to Berg's Estate. As the manager of each of the MTR Entities, the Trustee caused them to each file voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "***Reorganization Cases***") on November 15, 2010. The MTR Entities are currently operating their businesses and managing their assets as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. However, the Trustee has conferred with the U.S. Trustee's Office and the MTR Entities have filed a motion for an order directing the appointment of a Chapter 11 Trustee for each of the MTR Entities contemporaneously with the filing of this Motion.

## 2)    LEGAL ANALYSIS AND AUTHORITY

In order to administer the pending Reorganization Cases optimally and economically, such cases should be jointly administered, at present for procedural purposes only, under the case number assigned to Berg. Pursuant to Bankruptcy Rule 1015(b), "[i]f … two or more petitions are pending in the same court by or against … (4) a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Local Bankruptcy Rule 1073-1 provides that a motion for joint administration of cases shall be filed in accordance with Local Bankruptcy Rule 9013-1.

EX PARTE MOTION FOR ORDER AUTHORIZING AND
DIRECTING JOINT ADMINISTRATION OF CASES - 2
#775315 v1 / 40572-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**

11 U.S.C. § 101(2)(D) defines "affiliate" as an "entity that operates the business or substantially all of the property of the debtor under an … operating agreement." Each of the MTR Entities is involved in the same enterprise (a luxury bus charter company) and were, prior to Berg's personal bankruptcy filing, controlled by the same individual.

Many of the motions, hearings and orders that will arise in the Reorganization Cases will jointly affect each of the debtors. By jointly administering the Reorganization Cases, the debtors will be able to reduce fees and costs resulting from the administration of these cases and ease the onerous administrative burden of having to file multiple and duplicative documents. This Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of the Reorganization Cases by the Office of the United States Trustee will be simplified.

Based on the foregoing, the joint administration of the Reorganization Cases is in the best interests of the Berg Estate, the estates of each of the MTR Entities, their creditors, equity security holders and all parties in interest. Accordingly, the MTR Entities request that the caption of the Reorganization Cases be modified to reflect the joint administration of such cases.

An order of joint administration relates to the routine administration of a case and may be entered by the court in its sole discretion. Moreover, the entry of joint administration orders in multiple related cases such as these is common and generally non-controversial. *See In re Parkway Calabasas Ltd.*, 89 B.R. 832, 836 (Bankr. C.D. Cal. 1988) ("Joint administration … is common for cases involving two or more affiliated corporations or other related entities that have filed bankruptcy cases. Joint administration typically involves the appointment of a single trustee to administer the related cases, the maintenance of a single case file, claims register and docket in

EX PARTE MOTION FOR ORDER AUTHORIZING AND DIRECTING JOINT ADMINISTRATION OF CASES - 3
#775315 v1 / 40572-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028
Telephone (206) 223-1313, Facsimile (206) 682-7100

the clerk's office and the combining of notices concerning the estate."); *See also In re Lone Eagle Resorts, Inc.*, Case No. 06-40912 (Bankr. W.D. Wash. June 29, 2006); *In re Magnolia Energy L.P.*, Case No. 06-11069 (Bankr. D. Del. Oct. 4, 2006); *In re Radnor Holdings Corp.*, Case No. 06-10894 (Bankr. D. Del. Aug. 23, 2006); *In re Three A's Holdings, L.L.C.*, Case No. 06-10886 (Bankr. D. Del. Aug. 22, 2006); *In re Werner Holding Co. DE, Inc.*, Case No. 06-10578 (Bankr. D. Del. June 13, 2006).

For all of the foregoing reasons, the MTR Entities respectfully request the immediate entry of an order providing for the joint administration of Berg's and the Reorganization Cases pursuant to Rule 1015(b).

### 3) **CONCLUSION**

WHEREFORE, the MTR Entities respectfully request that the Court enter an order (i) authorizing the joint administration of the Reorganization Cases under the case number assigned to Berg (10-18668-KAO) and (ii) granting such other relief as the Court deems just and proper.

DATED this 15th day of November, 2010.

KARR TUTTLE CAMPBELL

By: */s/ George S. Treperinas*
George S. Treperinas, WSBA #15434
Stephen S. McKay, WSBA #42046
Attorneys for Meridian Transportation
Resources, LLC

EX PARTE MOTION FOR ORDER AUTHORIZING AND
DIRECTING JOINT ADMINISTRATION OF CASES - 4
#775315 v1 / 40572-001

*Law Offices*
KARR TUTTLE CAMPBELL
*A Professional Service Corporation*
**1201 Third Avenue, Suite 2900, Seattle, Washington 98101-3028**
**Telephone (206) 223-1313, Facsimile (206) 682-7100**